

David B. Harrison
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078
dharrison@spiroharrison.com
Direct Dial: (973) 232-4109

August 25, 2021

**VIA ECF & EMAIL**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

Re: **Nastasi & Associates, Inc. v. Bloomberg, L.P. et al, Index No. 1:20cv5428**

Dear Judge Furman:

We write on behalf of Plaintiff Nastasi & Associates, Inc. ("Nastasi") in connection with the above-referenced matter (Docket No. 1:20-cv-5428) (the "2020 Action"). We respectfully request that the Court re-open the 2020 Action, which the Court dismissed without prejudice after all parties agreed to stay the 2020 Action. Please accept this letter in lieu of a formal motion.

As the Court may recall, Nastasi filed the 2020 Action on July 14, 2020 after the Court dismissed a related action, Docket No. 18-cv-12361 (JMF) (the "Original Action"). At the time Nastasi filed the 2020 Action, Nastasi was pursuing an appeal of this Court's dismissal of the Original Action in the U.S. Court of Appeals for the Second Circuit. In an effort to save both judicial and party resources, all parties agreed to stay the 2020 Action and filed a stipulation on August 18, 2020 confirming such agreement. (ECF No. 15.) On August 19, 2020, the Court entered an order dismissing the 2020 Action without prejudice, permitting the parties to re-open the case pending the result of the appeal.

On May 4, 2021, the Second Circuit issued its summary order, holding that this Court's dismissal of the Original Action based on lack of Article III standing was in error and remanded so that this Court could reconsider its decision regarding real party in interest under Fed R. Civ. P. 17. On August 11, 2021, the Court again dismissed the Original Action, confirming that its decision regarding Fed. R. Civ. P. 17 was final, and rendering it necessary for Nastasi to re-open

Honorable Jesse M. Furman
August 25, 2021
Page 2 of 2

the 2020 Action. (See Original Action, Docket Entry 198.)[1] Accordingly, we write to confirm Nastasi's intention of pursuing its claims in the 2020 Action, and hereby seek an Order reinstating that case.

Please advise whether the Court would prefer formal briefing on this matter or if your Honor has any questions regarding this application. We appreciate the Court's courteous attention to this matter.

Defendants shall file a response to Plaintiff's letter motion by September 1, 2021.  Plaintiff shall file any reply by September 3, 2021.  In those submissions, the parties should address the timeliness of Plaintiff's request given that the Court's Order of August 19, 2020, stated that any motion to reopen had to be filed "within 14 days of a decision by the Second Circuit" in the 2018 Action.  SO ORDERED.

August 26, 2021

Respectfully submitted,

SPIRO HARRISON

*/s/ David B. Harrison*
David B. Harrison
830 Morris Turnpike, Second Floor
Short Hills, NJ
973.232.4109
dharrison@spiroharrison.com

*Attorneys for Plaintiff Nastasi & Associates, Inc.*

Cc: All counsel of record via ECF

---

[1] As the Court is aware, its basis for dismissing the Original Action rested upon an allegation in a state court pleading ("State Court Complaint") in a lawsuit in Nassau County Supreme Court (the "State Court Action") that Nastasi had transferred all of its assets, including its right to bring the claims, to a trust, the Franklin D. Nastasi Trust (the "Trust"). To address this issue in advance of filing the 2020 Action, the Trust assigned any interest in the claims of the 2020 Action that it may have had to Nastasi. Since that time, the court in the State Court Action has held that the allegation describing the transfer was made in error and that the Trust did not own Nastasi's assets. Accordingly, the Court struck the allegation from the State Court Complaint.