

David B. Harrison<br>
dharrison@spiroharrison.com<br>
Direct Dial: 973.232.4109

September 3, 2021

**VIA ECF & EMAIL**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

    Re:    <u>Nastasi & Associates, Inc. v. Bloomberg, L.P. et al, Index No. 1:20cv5428</u>

Dear Judge Furman:

We write on behalf of our client, Plaintiff Nastasi & Associates, Inc. ("Nastasi"), in connection with the above-referenced matter, Index No. 1:20cv5428 (the "2020 Action"), and in response to the letter filed by Mr. Keith Blackman, counsel for Defendant Bloomberg, L.P. ("Bloomberg"), on September 1, 2021. (ECF No. 20.)

As the Court is aware, after it dismissed Nastasi's claims in the original action filed in 2018, Index No. 18-cv-12361 (JMF) (the "2018 Action"), Nastasi filed the 2020 Action on July 14, 2020, asserting nearly identical claims to those asserted in the 2018 Action. The Parties subsequently submitted a Stipulation and Proposed Order to Stay Proceedings (the "Stipulation"). (ECF No. 15.)

The basis for the stay was included in plain terms in the Stipulation. It stated, in pertinent part, that given the overlap between the "allegations, claims, and parties in the Original Action" and those in the 2020 Action, "litigating both matters simultaneously presents a potential waste of judicial resources…In the event that Plaintiff's Appeal is granted, there would be no reason for this action to proceed on the merits, and it could be dismissed in favor of the Original Action." (*Id*., ¶ 5). The Stipulation further stated that, "[a]bsent a stay, both the parties and the Court would risk wasting time and resources, to the detriment of all involved. No prejudice or harm would inure to the parties, the Court, or the public if a stay is granted." (*Id*. ¶ 6.) Despite the

agreement to a stay of the proceedings in the 2020 Action, the Court instead dismissed *sua sponte* the 2020 Action without prejudice. (ECF No. 16.)

Indeed, the very purpose of the proposed stay, as agreed to by *all* parties, was to prevent the expenditure of resources on two parallel and nearly identical actions prior to a determination as to whether the 2018 Action would ultimately be dismissed or allowed to go forward. By agreeing to the stay, the parties acknowledged that it would not make sense to proceed with the 2020 Action while there was still a chance that the 2018 action would proceed on the merits. This is consistent with well-established principles of comity that support giving priority to first filed actions when competing, duplicative lawsuits are filed or pending simultaneously. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (noting that "a district court can go beyond the allowable bounds of discretion when it refuses to stay or dismiss a duplicative suit").

The Parties do not dispute that the Court's August 19, 2020 memorandum endorsement stated that a party may make a motion to "reopen the case within 14 days of a decision by the Second Circuit in the related appeal." The Second Circuit's decision, however, which remanded the case to this Court for further consideration of its determination regarding real party in interest status under Rule 17, gave the parties no more clarity or information regarding the status of the 2018 Action than they had prior to the Second Circuit's decision. The state of uncertainty that had existed when the parties entered the Stipulation persisted at the date of the Second Circuit's decision. This Court's August 11, 2021 decision, on the other hand, which dismissed Nastasi's claims and answered the outstanding Rule 17(a)(3) question, provided Plaintiff with the final resolution as to whether it could pursue its claims in the 2018 Action. Plaintiff moved within 14 days of this decision, on August 25, 2021, to re-open the 2018 Action.

Had Plaintiff made a motion within 14 days of the Second Circuit's decision, but prior to this Court's decision on remand, the entire purpose of the agreed-upon stay – to avoid litigating duplicative actions simultaneously – would be frustrated. Of course, federal courts often take action in a manner that promotes the most efficient result. Indeed, even Rule 1 of the Federal Rule of Civil Procedures makes it clear that courts should employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." It would have been illogical to attempt to re-open the 2020 Action prior to this Court's final determination regarding the status of the 2018 Action and entirely inconsistent with federal courts' policies in favor of conservation and efficiency.

In support of its argument for a dismissal of the 2020 Action, Bloomberg declares that the Court possesses the "'inherent powers'" to "'manage [its] own affairs'" "'so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). Of course, though, a district court also has the power "to modify or rescind its orders at any point prior to final judgment in a civil case." *Id*. at 136 S. Ct. at 1892. No question exists that the Court would be within its right to permit Nastasi to re-open this case, which the parties had previously agreed should be stayed. Defendants would not be prejudiced by virtue of the Court permitting Nastasi to re-open the 2020 Action at this point in the proceedings – when the parties know the Court's final determination with respect to the 2018 Action. The prejudice to Plaintiff,

however, would be immense; indeed, Plaintiff could be precluded from ever having the opportunity to pursue its claims on the merits.

Under these circumstances, the Court's refusal to re-open the 2020 Action following the *sua sponte* dismissal would be unjust, inequitable, and contrary to well-established principles of this District. Accordingly, Plaintiff again requests that the Court re-open the 2020 Action.

Respectfully submitted,

SPIRO HARRISON

/s/ David B. Harrison

830 Morris Turnpike, Second Floor
Short Hills, NJ
973.232.4109
dharrison@spiroharrison.com

*Attorneys for Plaintiff Nastasi & Associates, Inc.*

cc: All counsel of record via ECF

---

To put it bluntly, the Court is mystified by counsel's failure to either seek an extension of the deadline to reopen or ask the Court, as a protective matter, to reopen pending its decision on remand in the related case. It is yet another instance in this litigation of a problem of Plaintiff's (or Plaintiff's counsel's) own making. Be that as it may be, there is no dispute that the Court has discretion to grant Plaintiff's motion to reopen despite its tardiness. Given the unique circumstances of this litigation, the Court exercises that discretion and grants the motion. The parties shall confer and, no later than **September 24, 2021**, submit a joint letter proposing a path forward in this case, including whether the case should be stayed pending Plaintiff's most recent appeal in the related case, whether an answer deadline and/or briefing schedule should be set, or whether an initial conference should be held.

The Clerk of Court is directed to terminate ECF No. 17 and to reopen this case.

SO ORDERED.

*[signature]*

September 13, 2021