```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
NASTASI & ASSOCIATES, INC.,                              :
                                                         :
                         Plaintiff,                      :
                                                         :
v.                                                       :
                                                         :
BLOOMBERG, L.P., TURNER CONSTRUCTION CORP.,              :    20 Civ. 05428 (JMF)
EUROTECH CONSTRUCTION CORP., DONALDSON                   :
ACOUSTICS, CO. INC., JAVIER PAULINO, MARILYN             :
FRANCISCO, ANTHONY GUZZONE, WILLIAM DALE                 :
SUMMERVILLE, LAUREN ECKHART SMITH, MICHAEL               :
CAMPANA, VITO NIGRO, FAY DEVLIN, DUANE ROBERT            :
DONALDSON, DOUGLAS DONALDSON, and Does 1-50,             :
                                                         :
                         Defendants.                     :
------------------------------------------------------------------------ x
```

## CONFIDENTIALITY AGREEMENT

The parties hereto, each by their respective counsel, hereby enter into this Confidentiality Agreement (the "Agreement") respecting documents and other confidential information produced and/or exchanged in connection with the above-captioned action (the "Action") as follows:

1. As used herein, "Producing Party" shall mean the parties to this Action and/or any non-party producing Confidential Information in connection with document production, depositions, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

2. As used herein, "Receiving Party" shall mean the parties to this Action and/or any non-party receiving Confidential Information in connection with document production, depositions, or otherwise.

3. As used herein, "Confidential Information" shall mean any information (in written, oral, or other form) designated by the Producing Party as Confidential Information. The party making the designation of Confidential Information shall do so only after a good faith determination that the material contains: (a) trade secrets or other commercial information of a non-public nature considered by the designating party to be sensitive or proprietary; (b) other competitively

sensitive or proprietary research, analysis, development, marketing, financial or commercial information; or (c) other information likely to be deemed private or sensitive.

4. A Producing Party may designate information as Confidential Information by: (a) marking the first page of a document (or any copy of that document) "Confidential;" (b) providing written notice to counsel for the Receiving Party that a document (or part of a document), or other information is "Confidential;" or (c) stating on the record during an oral deposition that a statement is "Confidential."

5. A Receiving Party may, at any time, notify the Producing Party that it does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

6. Any information designated as Confidential Information that may be produced in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this Action; (b) shall be disclosed only to the individuals identified in paragraph 7(a)-(g) of this Agreement; and (c) shall not be published to the public in any form by the Receiving Parties or their counsel or by the individuals identified in paragraph 7(a)-(g) except as specifically set forth in paragraph 10 hereof.

7. Use of information designated as Confidential Information shall be restricted to the following persons:

    a. Attorneys employed by the parties to this Action and employees of such attorneys to whom it is necessary that the information be disclosed for the purposes of this Action;

   b. Personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   c. Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by the parties to this Action, or by their attorneys, solely for the purpose of assisting in the preparation of this Action, if furnished, shown, or disclosed in accordance with paragraph 8 hereof;

   d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 9 hereof;

   e. Deposition and trial witnesses, if furnished, shown or disclosed in accordance with paragraph 9 hereof;

   f. The Court and Court personnel, if filed in accordance with paragraph 10 hereof; and

   g. Other persons as may be authorized by the Court.

  8. Before any disclosure of Confidential Information is made to any independent persons pursuant to paragraph 7(c) hereof, counsel for the Receiving Party shall obtain the person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of the Agreement.

  9. This Agreement shall not preclude counsel for a Receiving Party from using during any deposition in this Action any documents or information that have been designated as Confidential Information under the terms hereof.  Any stenographic reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Agreement and shall execute the form attached hereto as Exhibit A.

  10. A party may designate as Confidential Information subject to this Agreement any

documents produced or given by any non-party to this case, or any portion thereof, by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 4 of this Agreement, may be so designated by the Producing Party by written notice to the Receiving Parties identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. Any inadvertent disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

12. If documents or information that is subject to a claim of attorney-client privilege, attorney work-product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party is inadvertently produced to that party or parties, such inadvertent production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine. Within a reasonable amount of time after discovering an inadvertent production of privileged material, the disclosing party must notify the opposing party, in writing, of the inadvertent production, and no party to this action shall thereafter assert that such inadvertent production waived any privilege or protection.

A. If a claim of inadvertent production is made with respect to privileged documents or

information then in the custody of another party, the party possessing the documents or information shall: (i) refrain from any further examination or disclosure of the claimed documents or information; (ii) promptly return the claimed documents or information and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such claimed documents or information (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the documents or information for any purpose unless authorized by further order of the Court. Any analyses, memoranda or notes that were internally generated based upon such documents and information shall immediately be treated in conformance with the protected nature of the information.

B. A party may move the Court for an order compelling production of the claimed privileged documents or information; however, while such motion is pending, the documents or information in question shall be treated as privileged, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the documents or information (or any portion thereof) that is the subject of such motion.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. Nothing shall prevent disclosure beyond the terms of this Agreement in the event that a Producing Party provides prior written consent for such disclosure.

15. Within sixty (60) days after the conclusion of this Action, the originals and reproduction of any documents produced in connection with the Action and designated as Confidential Information shall either be returned to the Producing Party, or the Receiving Party shall certify to the Producing Party that such documents have been destroyed, provided that counsel for the Receiving Party shall be entitled to retain one copy for their files of any material filed with the Court, subject to the continued protections of this Agreement.

16. Nothing in this Agreement shall be construed to prohibit a Receiving Party from producing Confidential Information in its possession to any governmental body, self-regulatory organization or investigative agency or pursuant to a subpoena issued by any court, administrative or legislative body; <u>provided, however</u>, that in the event any Receiving Party receives any such request to disclose information designated as Confidential Information, that Receiving Party shall, as soon as reasonably practicable, notify the Producing Party that such disclosure has been sought.

17. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

18. This Agreement may be executed in counterparts, each of which shall be deemed to constitute one and the same instrument.  Electronic, facsimile, photocopy or other portable document format ("pdf") signatures shall be accepted as originals for all purposes under this Agreement.

Dated: New York, New York
December 22, 2022

SPIRO HARRISON & NELSON

By: /s/Thomas M. Kenny
Thomas M. Kenny
David B. Harrison
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042
Telephone: (973) 232-0881
Facsimile: (973) 232-0887

*Attorneys for Plaintiff Nastasi & Associates, Inc.*

BRACEWELL LLP

By:/s/ Allan N. Taffet
Allan N. Taffet
Keith Blackman
Joshua C. Klein
1251 Avenue of the Americas, 49th Fl.
New York, NY 10020
Telephone: (212) 508-6100
Facsimile: (212) 508-6101

*Attorneys for Defendants Bloomberg, L.P., William Dale Summerville and Lauren Eckhart Smith*

PECKAR & ABRAMSON, P.C.

By: /s/ Thomas J. Curran
Thomas J. Curran
Doris Diana Short
1325 Avenue of the Americas, 10th Fl.
New York, NY 10019
Telephone: (212) 382-0909
Facsimile: (212) 382-6101

*Attorneys for Defendant Turner Construction Company*

KEOGH LAW GROUP, PLLC

By: /s/ Gerard L. Keogh
Gerard L. Keogh
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (212) 967-2224
Facsimile: (888) 766-8977

*Attorneys for Defendants Eurotech Construction Corp. and Fay Devlin*

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

By: /s/ Edward M. Spiro
Edward M. Spiro
Bronwyn C. Roantree
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

*Attorneys for Defendants Donaldson Acoustics Co., Inc. and Duane Robert Donaldson*

LAW OFFICES OF JONATHAN M. COOPER

By: /s/ Jonathan M. Cooper
Jonathan M. Cooper
483 Chestnut Street
Cedarhurst, NY 11516
Telephone: (516) 791-5700
Facsimile: (516) 791-8188

*Attorneys for Defendant Javier Paulino*

| | |
|---|---|
| HERRICK, FEINSTEIN LLP | PIERCE & KWOK LLP |
| By: /s/ Michelle Sekowski<br>  Michelle Sekowski<br>  2 Park Avenue<br>  New York, NY 10016<br>  Telephone: (212) 592-1400<br>  Facsimile: (212) 592-1500 | By: /s/ Aaron Harold Pierce<br>  Aaron Harold Pierce<br>  299 Broadway, Suite 1405<br>  New York, NY 10007<br>  Telephone: (347) 678-7262 |
| *Attorneys for Defendant Marilyn Francisco* | *Attorneys for Defendant Anthony Guzzone* |
| SMITH & KING LLC | LAW OFFICES OF ERIC FRANZ P.L.L.C. |
| By: /s/ David Smith<br>  David Smith<br>  666 Old Country Road, Suite 305<br>  Garden City, NY 11530<br>  Telephone: (516) 213-0018<br>  Facsimile: (917) 591-3244 | By: /s/ Eric P. Franz<br>  Eric P. Franz<br>  1 Old Country Road, Suite 347<br>  Carle Place, NY 11514<br>  Telephone: (212) 355-2200<br>  Facsimile: (212) 937-2217 |
| *Attorneys for Defendant Michael Campana* | *Attorneys for Defendant Douglas Donaldson* |

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. S*ee New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

*[signature]*

December 28, 2022

**EXHIBIT A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY AGREEMENT**

  I have read the Confidentiality Agreement dated as of December 22, 2022 ("Agreement"), in the above-captioned matter.  I understand the responsibilities and obligations that the Agreement imposes on persons viewing the material encompassed by the same, and I hereby agree to be bound by all of the provisions of the Agreement.  For purposes of enforcement, and in the case of my violation, of the terms this Agreement, I hereby expressly consent to the jurisdiction of any state or federal court sitting in New York County, State of New York.

_____
Name:

Sworn to before me this \_\_\_ day
of_____, 202\_\_

_____
Notary Public