UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
NASTASI & ASSOCIATES, INC.,                                        :
                                                                   :
                        Plaintiff,                    :
                                                                   :    20-CV-5428 (JMF)
        -v-                                                        :
                                                                   :    ORDER
BLOOMBERG, L.P., et al.,                                           :
                                                                   :
                        Defendants.                   :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 19, 2023, the Court received a letter from Assistant District Attorney Victor Olds in the New York County District Attorney's Office. The letter responds to statements in Plaintiff's opposition to the pending motion for summary judgment regarding the Plaintiff's interactions with another Assistant District Attorney.

       The letter from Mr. Olds is attached as Exhibit A to this Order. The letter also included several emails between Mr. Olds and Plaintiff's counsel, which the Court will file under seal as Exhibit B. The letter does not seek any relief from the Court, so the presumption in favor of public access to these documents — assuming it applies at all — is limited. Moreover, the letter itself recounts the relevant substance of the emails. Finally, the emails may contain sensitive or confidential information (including personally identifying information) that should not be public.

       **The Clerk of Court is directed to docket this Order and Exhibit A publicly and to docket Exhibit B under seal (i.e., viewable by only case participants and the Court).**

       SO ORDERED.

Dated: April 19, 2023
       New York, New York

                                                      _____
                                                      JESSE M. FURMAN
                                              United States District Judge

# COURT EXHIBIT A

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N.Y. 10013
(212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

April 19, 2023

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Nastasi & Associates, Inc. v. Bloomberg LLP, et al.</u>
20-CV-05428 (JMF)

Dear Judge Furman,

I am an Assistant District Attorney in the Office of the New York County District Attorney's Office ("DANY"), and we have been subpoenaed as a non-party witness by both the plaintiff and several of the defendants in connection with the above-referenced action pending before Your Honor. Specifically, Plaintiff's counsel has served Assistant District Attorney Christopher Beard ("ADA Beard") with a subpoena for documents in connection with several of the parties' involvement in prior criminal investigations that were conducted by ADA Beard. I have been assigned by DANY to represent ADA Beard concerning those subpoenas, and I write to correct a misrepresentation made to the Court by Plaintiff's counsel with respect to ADA Beard and DANY.

On or about April 3, 2023, Plaintiff's counsel filed a "Memorandum Of Law In Opposition To Defendants' Joint Motion For Summary Judgment On Statute Of Limitations And For Spoliation And Discovery Sanction" ("Plaintiff's Memorandum"). Page 2 of Plaintiff's Memorandum references several email exchanges between and/or regarding Plaintiff Nastasi and ADA Beard, including an email Plaintiff claims he erroneously sent to ADA Christopher Beard, and that was actually intended to be sent to Plaintiff's business partner (Christopher Black). Plaintiff further claims that the error was communicated to ADA Beard by Plaintiff's then-counsel, and that those emails involved "[n]o intrigue, just a mistake." (See pp. 4-5 of Plaintiff's Memorandum.) Regarding this point, Plaintiff included footnote 2 of Plaintiff's Memorandum which reads as follows:

> "It is noteworthy that the DANY produced in response to defendants' subpoena to it the missent emails between its office and Nastasi regarding Turner (see ECF #132-17) but failed to produce the subsequent email from N&A's counsel clarifying that Nastasi had sent the emails to ADA Beard by mistake. While defendants' subpoena to the DANY sought extensive information about any investigation it performed into N&A and Nastasi (see Harrison Decl., Ex. B), the DANY's response to date has included only these missent emails out of context as well as debriefing agreements, which the DANY delivered to defendants on March 6, 2023, just in time for Defendants to use to misrepresent to the Court the nature of the information that Nastasi provided to the Manhattan District Attorney. *It is one of several indicators that ADA Beard is surreptitiously but actively attempting to interfere in this civil litigation in this Court to assist the Defendants.*" (emphasis added).[1]

Plaintiff's counsel's accusation that ADA Beard directly (and, by extension, DANY, indirectly) is, or has, attempted to "interfere in this civil litigation" is both scurrilous and blatantly false. As mentioned earlier herein, neither DANY nor ADA Beard is a party to these proceedings, and thus have no interest in its outcome. Indeed, ADA Beard's involvement in this action is the result of having been served subpoenas by both Plaintiff and the Defendants. As such, the actions of ADA Beard were merely (and solely) an attempt to comply with those unsolicited subpoenas, and nothing more.

Regarding the substance of Plaintiff's counsels' accusations, it is important to note that Plaintiff provided no opportunity to DANY to address his concerns before stating them publicly in papers provided to this Court. Had they done so, they would have learned that DANY's IT retrieval process is complex and does not always produce documents (including emails) in chronological order. In my prior discussions with Tom Kenny, one of Plaintiff's counsel, I committed to him that I would endeavor to turn materials over as soon as I received them, which is what happened in this instance. In other words, there was no attempt to hide or mislead anyone, but rather, and to the contrary, to expeditiously turn over materials as they

---

[1] The actual email in question was sent by Plaintiff Nastasi (unsolicited) on July 11, 2013 at 1:33 PM to Don Cornell (Plaintiff's then-counsel) and on which ADA Beard was copied. The subject line indicates "FW: CHECKS" and whose text is simply "Fyi." (Said email is annexed hereto as Exhibit 1.) To our knowledge, this was the only email exchange between ADA Beard and Plaintiff Nastasi. (See email exchanges between DANY and Plaintiff's counsel annexed hereto as Exhibit 2.) Moreover, and as explained to Plaintiff's counsel in a recent email, the other "several indicators" alluded to in footnote 2 of Plaintiff's memorandum involved ADA Beard's legitimate actions with respect to matters pertaining to then-ongoing criminal investigations that he was handling, and in no way interfered with this civil action. (See DANY's responses to Plaintiff's counsel's "several indicators" annexed hereto as Exhibit 3.)

became available. The "subsequent email" to which plaintiff's counsel refers simply had not been retrieved at the time the email in question was sent. Moreover, since Plaintiff's counsel was apparently aware of what he views as a further "clarifying email" that had not been turned over, he was in a position to use it in any manner he saw fit, and thus suffered no prejudice in not having received it earlier. More to the point, however, had Mr. Kenny simply raised this concern with DANY before jumping to erroneous and disparaging conclusions, we could have explained the limitations of DANY's document retrieval process, and thus have spared ADA Beard the unfortunate and unwarranted exposure to what amounts to defamatory statements.

Lastly, Mr. Kenny's further accusation that the emails in question were delivered to defendants "just in time for Defendants to use to misrepresent to the Court the nature of the information that Nastasi provided to the Manhattan District Attorney" falsely implies that DANY was in some manner working in collusion with the defendants to assist them in their litigation goals. In fact, however, ADA Beard had no knowledge of any plans Defendants had to file any motion. Accordingly, he could not have planned to provide them with material "just in time" for their use regarding anything they might have planned. Again, had Mr. Kenny simply reached out to DANY with his concerns before memorializing them in publicly filed court papers, this entire unfortunate episode could have been avoided.

While it is not DANY's intention to embroil the Court in this ancillary dispute with Plaintiff's counsel, we nonetheless felt it important to represent to the Court that neither DANY nor any of its employees has in any manner interfered with this litigation. In addition, it bears mentioning that ADA Christopher Beard is a highly respected prosecutor with an unblemished record of achievement, and who is in his 33rd year at DANY. He is currently assigned to its prestigious Rackets Bureau as a Senior Supervising Attorney and enjoys a stellar reputation both at DANY, and within the legal community in general. It is deeply regrettable, therefore, that he should have to endure an unwarranted professional disparagement of this nature, and we would hope that such conduct on the part of Plaintiff's counsel will not be repeated going forward. In any event, because Plaintiff's counsel expressed his concerns about ADA Beard to the Court in a public document, we feel it essential to correct the record regarding Plaintiff's unfounded accusations.

Respectfully submitted,

Victor Olds
Assistant District Attorney
212-335-9570

cc: Tom Kenny, Esq.
   Attorney for Plaintiff Anthony Nastasi

3